**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 18-1936
_____

ROGER TODD VACTOR,
                                        Appellant

v.

SUPERINTENDENT MICHAEL OVERMYER; CORRECTIONAL OFFICER JASON
W. REED; CORRECTIONAL OFFICER JAMES; CORRECTIONAL OFFICER P.D.
MEANS; CORRECTIONAL OFFICER PAUL W. WINGER; CORRECTIONAL
OFFICER J.W. BARGER; CORRECTIONAL OFFICER R.A. JOHNSON, Correctional
Officer Sergeant; CORRECTIONAL OFFICER JOHN DOE-1; CORRECTIONAL
OFFICER JOHN DOE-2; and CORRECTIONAL OFFICER JOHN DOE-3
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 1:16-cv-00027)
District Judge: Honorable Susan Paradise Baxter
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2),
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6,
and on Appellant's Motion for Summary Action
May 9, 2019
Before: MCKEE, SHWARTZ and BIBAS, <u>Circuit</u> <u>Judges</u>

(Opinion filed June 26, 2019)
_____

OPINION*
_____

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute
binding precedent.

PER CURIAM

Appellant Roger Todd Vactor is a Pennsylvania inmate currently confined at SCI-Forest, a maximum security prison. Vactor filed a civil rights action against several corrections officers ("COs") at SCI-Forest (collectively with the prison's Superintendent, "Defendants"), raising claims under the Eighth Amendment. Vactor alleged that on February 22, 2014, he was involved in a fight with an inmate named Gerald "Alstin."[1] During the fight, one of the Defendants (CO Robert James) allegedly put Vactor in a chokehold and left him exposed to repeated punches, scratches and bites from Alstin, all while the other COs looked on without intervening for an extended period of time.

Defendants answered the complaint and, after several months of discovery, moved for summary judgment. Relying on Vactor's deposition testimony as well as video footage of the February 22, 2014 altercation, Defendants argued that Vactor had failed to adduce evidence of an Eighth Amendment excessive force claim against CO James, an Eighth Amendment failure-to-protect claim against any of the other COs, or a supervisory liability claim against the Superintendent. In his summary judgment opposition brief, Vactor primarily disputed the reliability of the video footage.

The District Court granted the Defendants' motion for summary judgment. In doing so, the District Court described in detail the video footage of the February 22, 2014

---

[1] It appears from the record that this inmate's last name is "Alston," not Alstin, but we will maintain the latter spelling here to be consistent with the District Court's opinion.

2

altercation, observing in pertinent part that it took a total of nine COs to subdue Vactor and Alstin, that the COs were able to do so roughly two minutes into the fracas, and that Alstin did not re-attack Vactor after the pair was separated. See Vactor v. Overmyer, DC No. 1:16-cv-00027, 2019 WL 1474265, at *3 (W.D. Pa. Mar. 26, 2018).

The District Court first concluded as a matter of law that, under the factors set forth in Whitley v. Albers, 475 U.S. 312, 321 (1986), CO James was "entitled to summary judgment as there is no evidence that demonstrates that he applied force to maliciously and sadistically cause harm, rather than in a good faith effort to maintain and restore discipline." Vactor, 2019 WL 1474265, at *5. In reaching that conclusion, the District Court observed that "[t]here was a need for the application of force here. Two inmates were engaged in a full-blown altercation." Id. at *4. Moreover, CO James "was initially the only staff member in the vicinity and was standing in between the two inmates when Alstin reach[e]d across James and poked [Vactor] hard in the face and when [Vactor] responded by throwing the first punch." Id. at *5. Additionally, the District Court took note of Vactor's admission in deposition testimony "that he pushed James out of the way in order to better reach Alstin." Id.

The District Court next concluded with respect to the other COs that the absence of excessive use of force by CO James was fatal to Vactor's 'failure-to-protect' claim; alternatively, the video footage made clear that none of the COs even "had an opportunity to intervene to stop James' chokehold on" Vactor. Id. Finally, the District Court

3

concluded that Vactor failed to show evidence of "personal involvement" by the prison Superintendent—his denying grievances filed by Vactor was not enough—or of the necessary elements for supervisory liability to attach.

Judgment was entered in favor of all Defendants and against Vactor, who then filed a Notice of Appeal. We have jurisdiction under 28 U.S.C. § 1291. We review an order granting summary judgment de novo, applying the same standard as the District Court did. Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is proper if, viewing the record in the light most favorable to the non-moving party, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fakete v. Aetna, Inc., 308 F.3d 335, 337 (3d Cir. 2002).

We discern no error below. In particular, the District Court carefully assessed the evidence in the record which, viewed in the light most favorable to Vactor, reveals no triable issues of fact with respect to the excessive force and failure-to-protect claims under the Eighth Amendment. Furthermore, without evidence of an underlying constitutional violation, Vactor could not and did not satisfy any plausible theory of supervisory liability. See Barkes v. First Corr. Med., Inc., 766 F.3d 307, 316 (3d Cir. 2014), rev'd on other grounds, Taylor v. Barkes, 135 S. Ct. 2042 (2015) (per curiam). Thus, for substantially the reasons given by the District Court, we will summarily affirm its judgment. See 3d Cir. L.A.R. 27.4 (2011); 3d Cir. I.O.P. 10.6 (2018). In light of our disposition, Vactor's separate motions for counsel and to remand proceedings are denied.

4